# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

KENTREAL JARBAR HOWARD

NO. 2020 KW 1102

**FEBRUARY 1, 2021**

In Re: Kentreal Jarbar Howard, applying for supervisory writs, 32nd Judicial District Court, Parish of Terrebonne, No. 718291 c/w 744470.

BEFORE: **THERIOT, WOLFE, AND HESTER, JJ.**

**WRIT DENIED.** Relator's numerous claims are without merit on their face, unsupported or refuted by the documents included with the writ application, and/or not supported by the applicable law and jurisprudence. Thus, he did not meet his burden of proof on his claims. See La. Code Crim. P. art. 930.2. Furthermore, in **Ramos v. Louisiana,** __ U.S.__, ___, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020), the United States Supreme Court held, "the Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally." However, the Court declined to address whether its holding applied retroactively to cases on collateral review. See **Ramos,** __ U.S. at __, 140 S.Ct. at 1407. The question of whether **Ramos** must apply retroactively to cases on federal collateral review is currently pending before the Court. **Edwards v. Vannoy,** __ U.S. __, 140 S.Ct. 2737, 206 L.Ed.2d 917 (2020). Moreover, the Louisiana Supreme Court has declined to definitively rule on whether **Ramos** should apply on collateral review in state court proceedings pending a decision in **Edwards.** See **State v. Gipson,** 2019-01815 (La. 6/3/20), 296 So.3d 1051, 1052 (Johnson, C.J., dissenting to point out that she disagreed with the majority's decision to defer ruling until the United States Supreme Court mandates action). Therefore, we are constrained to deny relief at this time. However, our decision does not preclude relator from reurging the issue in the district court if warranted by the decision of the higher court(s).

**MRT**
**EW**
**CHH**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT